# EXHIBIT "8"

## DECLARATION OF TRISHA HADLEY

I, Trisha Hadley declare and state as follows:

1. I have personal knowledge of the matters set forth in this declaration and if called upon as a witness, could competently testify to them.

2. I am a resident of Midland, Michigan.

3. I experienced a sudden unintended acceleration, as further described below, while driving my father's 2003 Toyota Camry.

4. My father, Clayton Everson, purchased the 2003 Toyota Camry [VIN # 4T1BF32KX3U543467] new from a Toyota dealer.

5. The incident in question occurred on April 18, 2009, at which time the car had less than 20,000 miles on it.

6. I was driving the vehicle when the incident occurred, with my father in the front, passenger seat, and my sister, Lynette Maul, in the back.

7. While pulling into a parking space in the parking lot for Lumber Barons on Midland Street in Bay City, Michigan, the following occurred:

   a. I had pulled into a parking space and had slowed almost to a complete stop. My foot was on the brake and I was just about to switch the transmission from Drive into Park.

   b. Although my foot was on the brake, the engine revved and the car jumped forward.

   c. The car surged over a landscaped embankment and hit a parked car. My foot was on the brake this entire time.

**Exhibit "8"**

    d.    The car continued to surge forward and I took my foot off the brake momentarily and slammed the brake pedal again, at which point the surging stopped. I then put the car into Park.

8.    After the incident I told my father that the car had surged forward on its own and that I had not been pressing the accelerator. Also after the accident, my sister told me that she had had the same thing happen to her once in that vehicle, although fortunately there had been no resulting accident.

9.    The driver side floor mat had nothing to do with this incident.

10.    I have been asked whether it is possible that I had my foot on the accelerator by mistake. That is not possible. I had been slowing and braking the car steadily to come to a stop in the parking spot. I did not remove my foot from the brake, as I planned to make a complete stop and put the transmission in Park.

11.    Fortunately there were no injuries in the incident.

12.    No police report was completed as the incident occurred on private property.

13.    My father's auto insurer, AAA, paid to have both vehicles repaired, although we had to pay the deductible.

14.    My father's car was repaired at Labadie Toyota. When I asked them whether they could perform any diagnostic testing to determine the cause of the unintended acceleration they treated me poorly and were very dismissive, blaming the incident on me. They told me that they could run some sort of testing, but they said that it would not show anything.

**Exhibit "8"**

15. My father still has the car in question but it sits essentially unused. Prior to the incident I was one of the car's primary drivers but I am now uncomfortable driving it after the incident described above.

I declare under penalty of perjury under the laws of the States of California and Michigan that the foregoing is true and correct.

Executed on: January 14, 2010, at Midland, Michigan.

*Trisha Hadley*
Trisha Hadley