# EXHIBIT "9"

## DECLARATION OF COLLEEN MORRIS

I, Colleen Morris declare and state as follows:

1. I have personal knowledge of the matters set forth in this declaration and if called upon as a witness, could competently testify to them.

2. I am a resident of San Juan Capistrano, California.

3. I experienced a sudden unintended acceleration, as further described below, while driving a 2002 Toyota Camry LE owned by my husband (Roy Morris) and me.

4. We purchased the 2002 Toyota Camry LE [VIN #JTDBE32K520097015] used from a private party in October 2002. The vehicle had approximately 27,000 miles on it at the time we made the purchase.

5. The incident in question occurred on July 22, 2004, at which time the car had approximately 35,000 miles on it.

6. I was driving the vehicle when the incident occurred; there were no passengers in the car with me.

7. At the time of the incident I was driving to my doctor's office, located at 25401 Cabot Road, Laguna Hills, California.

8. I pulled into the parking lot at the aforesaid address and proceeded toward a parking space in the parking lot.

9. I slowed the vehicle and turned to the left into the parking space I had chosen. I began to enter the parking space with my foot on the brake. As I attempted to park the car, the following occurred:

   a. I was pulling into the parking space with my foot on the brake.

**Exhibit "9"**

-602-

b. I was slowing to a stop and my intention was to stop the vehicle.

c. When I was approximately 6-8 feet from my intended final stopping point, the car unexpectedly accelerated and lurched forward.

d. The car proceeded over the concrete parking block at the head of the parking space and into a cement or block wall.

e. My foot was on the brake this entire time.

f. After the car hit the wall, it came to a stop.

g. The car's airbag did not deploy during this incident.

h. I do not believe that my foot pressed the accelerator at any time during this sequence of events.

10. After the incident I called my husband who came to get me. My husband was able to drive the car home.

11. Fortunately, neither I nor anyone else was physically injured in the accident.

12. We submitted a claim to our auto insurer, Hartford Insurance Company. When we told Hartford that the car had accelerated on its own into the wall, they did not believe us. We argued with them at length. Eventually, Hartford decided that the accident was my fault. Hartford raised our auto insurance rates for the next three years.

13. We had the car repaired at Caliber Collision Centers in Mission Viejo, California. There was approximately $3500 of damage to the vehicle.

14. I do not believe that the driver side floor mat had anything to do with this incident. The floor mat is a Toyota-manufactured floor mat with clips that keep it in place.

15. After the incident, my husband called the dealer to report the incident. We eventually were told to report the incident to Toyota Corporate in Torrance, California, which we did.

16. We pressed the issue in an exchange of letters with Toyota Corporate. Eventually, Toyota Corporate set up an inspection of the vehicle to take place at our local dealer's lot. We were given a date in January 2006 on which to drop off the vehicle at the dealer's lot. We were told that we would have to leave the lot and the inspector would come from the Toyota Corporate office to inspect the vehicle. We followed these instructions but afterwards did not receive any report or findings from the investigation. When we followed up, we were told that we would receive a report by February 15, 2006. When we received no such report, my husband wrote to Toyota (See Exhibit 1) to request the final report. Eventually Toyota advised only that they found everything to be operating "normally"; Toyota did not provide a description of what, if anything, they actually inspected, repaired, or replaced.

17. My husband submitted a report relating to this incident to the National Highway Traffic Safety Administration. It is NHTSA ODI# 10128540. (See Exhibit 2.)

18. On August 29, 2006, my husband also pressed this issue with Senator Diane Feinstein. (See Exhibit 3.) I understand that Senator Feinstein received only a boilerplate response from Toyota.

19. We still have the car in question but I am unwilling to drive it. We would trade the car in or get another car if we had the resources to do so.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: January 15, 2010, at San Juan Capistrano, California.

_____
Colleen Morris