Richard D. McCune (Bar #132124)
rdm@mccunewright.com
David C. Wright (Bar #177468)
dcw@mccunewright.com
Kristy M. Arevalo (Bar #216308)
kma@mccunewright.com
MCCUNEWRIGHT LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Phone: (909) 557-1250 / Fax: (909) 557-1275

Attorneys for Plaintiffs
SEONG BAI CHOI, CHRIS CHAN PARK, SANDRA REECH, DONALD
PRITCHETT, UN JIN CHOI, and MARYANN PARKER,
on behalf of themselves and all others similarly situated

*Additional counsel listed on next page

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEONG BAE CHOI, CHRIS CHAN PARK, SANDRA REECH, DONALD PRITCHETT, UN JIN CHOI, and MARYANN PARKER, as individuals and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES U.S.A., INC., and DOES 1 through 10 inclusive.<br><br>          Defendants. | Case No.:  CV 09-08143 AHM (FMOx)<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR INJUNCTIVE CLASS CERTIFICATION [FED.R.CIV.P. 23; L.R. 23-3]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>[Filed in Conjunction With Declaration of Richard D. McCune; Exhibits; [Proposed] Order]<br><br>Date:  March 8, 2010<br>Time:  10:00 a.m.<br>Courtroom:  14<br><br>Judge Assigned: A. Howard Matz<br>Complaint Filed:  November 5. 2009<br>First Amended Filed:  January 19, 2010 |

-1-

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

Mitchell M. Breit, Esq. (*Pro Hac Vice*)
mbreit@hanlyconroy.com
Andrea Bierstein, Esq. (*Pro Hac Vice*)
abierstein@hanlyconroy.com
Jayne Conroy, Esq. (*Pro Hac Vice*)
jconroy@hanlyconroy.com
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES LLP
112 Madison Avenue
New York, New York 10016-7416
Phone: (212) 784-6400
Fax: (212) 213-5949

Derek Y. Brandt, Esq. (*Pro Hac Vice*)
dbrandt@simmonsfirm.com
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
707 Berkshire Boulevard
East Alton, Illinois 62024
Phone: (618) 259-2222
Fax: (618) 259-2251

Edward W. Choi, Esq. (Bar # 211334)
edward.choi@calaw.biz
LAW OFFICE OF CHOI & ASSOCIATES
A Professional Corporation
3435 Wilshire Boulevard, Suite 2410
Los Angeles, California 90010
Phone: (213) 381-1515
Fax: (213) 233-4409

Daniel H. Chang, Esq. (Bar # 183803)
dchang@diversitylaw.com
Larry W. Lee, Esq. (Bar # 228175)
lwlee@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
444 South Flower Street, Suite 1370
Los Angeles, CA 90071
Phone: (213) 488-6555
Fax: (213) 488-6554

Attorneys for Plaintiffs
SEONG BAI CHOI, CHRIS CHAN PARK, SANDRA REECH, DONALD
PRITCHETT, UN JIN CHOI, and MARYANN PARKER,
on behalf of themselves and all others similarly situated

///

-2-

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 8, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable A. Howard Matz, U.S.D.J., or whatever judge may sit in his stead, in Courtroom 14 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012, individual Plaintiffs Seong Bae Choi, Sandra Reech, Donald Pritchett, Un Jin Choi, and Maryann Tucker[1] will move the Court as follows:

1. To certify that injunctive classes are maintainable in this action and that the portion of this action pursuant to which Plaintiffs seek injunctive relief may proceed as a class action under Fed. R. Civ. P. 23(b)(2);

2. To certify the classes of persons described herein as Plaintiffs' "Nationwide Injunctive Class – Recall Extension" and "Nationwide Injunctive Class – Brake Over-Ride";

3. To certify individual Plaintiffs as representatives of the aforesaid Nationwide Injunctive Classes and their counsel of record as counsel for the Nationwide Injunctive classes.

This motion is based on the First Amended Complaint; Plaintiffs' Motion for Preliminary Injunction and the Memorandum of Points and Authorities and the exhibits and declaration filed in support thereof [Docket Nos. 22-24]; and on the Memorandum of Points and Authorities and the declarations and exhibits filed herewith and in support of this motion. Counsel for the parties met and conferred to discuss this motion on February 5, 2010, pursuant to Local Rules 7-3 and 23-3.

//

//

---

[1] Plaintiff Maryann Tucker was erroneously identified in the caption and body of the First Amended Complaint as Maryann Parker.

-3-

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

1    Plaintiffs also request relief from Local Rule 23-3 to the extent that rule requires

2    Plaintiffs to seek, within 90 days after service of the original Complaint, broader class

3    certification with regards to the non-equitable claims asserted in the First Amended

4    Complaint, which was filed on January 19, 2010.

5    DATED:  February 8, 2010                    **McCuneWright, LLP**

6                                         By:    /s/ *Richard D. McCune*

7                                                Richard D. McCune
                                                 Attorney for Plaintiffs

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

# TABLE OF CONTENTS

*Page*

Table of Authorities ........................................................................................ ii

Memorandum of Points and Authorities ............................................................. 1

Introduction .................................................................................................... 1

Statement of Facts .......................................................................................... 2

Proposed Classes ............................................................................................ 5

Argument ....................................................................................................... 7

    I.    The Proposed Classes Satisfy Rule 23(a) .............................................. 7

        A.    Numerosity .................................................................................. 8

        B.    Commonality ............................................................................... 9

        C.    Typicality ................................................................................ 12

        D.    Adequacy of Representation ......................................................... 14

    II.    The Proposed Classes Meet the Conditions of Rule 23(b) ..................... 15

Conclusion .................................................................................................... 18

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

**Cases** *Page(s)*

*Alfus v. Pyramid Technology Corp.,*
764 F.Supp. 598 (N.D. Cal. 1991)........................................................13

*Amchem Products, Inc. v. Windsor,*
521 U.S. 591 (1997)...............................................................................14

*Armstrong v. Davis,*
275 F.3d 849 (9th Cir. 2001) .................................................................13

*Bradford v. AGCO Corp.,*
187 F.R.D. 600 (W.D. Mo. 1999)..........................................................17

*CRLA v. Legal Services Co.,*
917 F.2d 1171 (9th Cir. 1990) ...............................................................12

*DeBoer v. Mellon Mortg. Co.,*
64 F.3d 1171 (8th Cir. 1995) .................................................................17

*Diamond Multimedia Systems, Inc. v. Superior Court,*
19 Cal. 4th 1036, 80 Cal. Rptr. 2d 828 (1999) ......................................12

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974)..................................................................................7

*Elliot v. Weinberger,*
564 F.2d 1219 (9th Cir. 1977) .................................................................5

*Falk v. General Motors Corp.,*
496 F. Supp. 2d 1088 (N.D. Cal. 2007)..................................................10

*Friedman v. 24 Hour Fitness USA, Inc.,*
2009 WL 27119563 (C.D. Cal. Aug. 25, 2009) ......................................8

*General Telephone Company v. Falcon,*
457 U.S. 147 (1982).................................................................................12

*Grasty v. Amalgamated Clothing & Textile Workers Union,*
828 F.2d 123 (3d Cir. 1987) ...................................................................12

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) ..................................................................9

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1992) ..................................................................12

*Harris v. Palm Springs Alpine Estates, Inc.,*
329 F.2d 909 (9th Cir. 1964) ....................................................................8

*Henry v. St. Croix Alumina, LLC,*
2008 WL 2329223 (V.I. 2008) ...............................................................16

-ii-

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

**Cases** *Page(s)*

*In re American Medical Systems, Inc.,*
    75 F.3d 1069 (6th Cir.1996) ...................................................................9

*In re Conseco Life Ins. Co. Cost of Ins. Litigation,*
    2005 WL 5678842 (C.D. Cal. Apr. 26, 2005) .................................... 16, 17

*In re THQ Inc. Securities Litigation,*
    2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) ................................8, 9, 12

*In re Union Pacific R.R. Employment Practices Litigation,*
    2005 WL 1027078 (D. Neb. 2005) .......................................................17

*Lerwill v. Inflight Motion Pictures, Inc.,*
    82 F.2d 507 (9th Cir. 1978) .................................................................14

*Multi-Ethnic Immigrant Workers Organizing Network v. City of Los Angeles,*
    246 F.R.D. 621 (C.D. Cal. 2007)...........................................5, 13, 14, 15

*Norwest Mortgage, Inc. v. Superior Court,*
    72 Cal. App. 4th 214, 85 Cal. Rptr. 2d 18 (1999) ...............................12

*O'Conner v. Boeing N. Am., Inc.,*
    184 F.R.D. 311 (C.D. Cal. 1998).............................................................5

*Olden v. LaFarge Corp.,*
    383 F.3d 495 (6th Cir. 2004) ...............................................................16

*Phillips Petroleum Co. v. Shutts,*
    472 U.S. 797, 105 S. Ct. 2965 (1985) .....................................................5

*Probe v. State Teachers' Retirement System,*
    780 F.2d 776 (9th Cir. 1986) .................................................................5

*Rosario v. Livatidis,*
    963 F.2d 1013 (7th Cir. 1992) ...............................................................9

*Senter v. General Motors Corp.,*
    532 F.2d 511 (6th Cir. 1976) .................................................................8

*Smith v. United HealthCare Services, Inc.,*
    CIV 00-1163 ADM/AJB, 2002 WL 192565 (D. Minn. 2002).............................17

*Taylor v. Safeway Stores, Inc.,*
    524 F.2d 263 (10th Cir. 1975) ...............................................................8

**Statutes**

Cal. Bus. & Prof. Code § 17200 ...............................................................1

Cal. Bus. & Prof. Code § 17204 .............................................................13

Cal. Civ. Code § 1792...............................................................................1

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

**Rules**                                                                                            *Page(s)*

C.D. Cal. Local Rule 23-3 ..................................................................................2

Fed. R. Civ. P. 23 ...................................................................................passim

**Treatises**

*Newberg on Class Actions*, § 4.14 ....................................................................17

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Seong Bae Choi ("S. Choi"), Sandra Reech, Donald Pritchett, Un Jin Choi ("U. Choi"), and Maryann Tucker (together, "Plaintiffs," "Individual Plaintiffs," "Named Plaintiffs," or "Representative Plaintiffs") filed this action individually and on behalf of California and nationwide owners of certain Toyota and Lexus cars and trucks designed, manufactured, distributed, and sold by defendants Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc. (together, "Toyota") which are equipped with the Electronic Throttle Control System with Intelligence ("ETCS-i") and which have experienced a significant number of sudden unintended acceleration ("SUA") events. The action seeks redress from Toyota for the defective and unsafe condition of these vehicles in that the vehicles are susceptible to unpredictable and highly dangerous SUA incidents and are not equipped with the failsafe brake over-ride system to prevent SUA incidents and accidents. Plaintiffs' claims are based on violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; fraud; breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1792 ("Song-Beverly"); and breach of express warranty.

Plaintiffs separately have moved for the entry of a preliminary injunction ordering Toyota to expand its currently ongoing recalls of Toyota motor vehicles (a) to include all model years of the 16 models that have experienced reported instances of SUA and have not been subject to the three recalls; and (b) to include the installation of a fail-safe "brake over-ride" mechanism for all 16 models and model years that are not subject to the current brake override recall. (*See* Plaintiffs' Notice of Motion and Motion for Preliminary Injunction and supporting documents [Docket Nos. 22-23], filed February 3, 2010.) Plaintiffs' injunctive relief claim is warranted under the UCL, in that Toyota's concealment of and failure to address the SUA problem constitutes a fraudulent practice within the meaning of that law.

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

The instant Motion for Injunctive Class Certification is made in conjunction with Plaintiffs' Motion for Preliminary Injunction. Plaintiffs' fraud-based UCL claims relate to Toyota's uniform, national concealment and handling of the SUA problem and to Toyota's uniform, national handling of Toyota vehicle owners relative thereto; these claims may be proved class-wide. Accordingly, Plaintiffs seek certification, pursuant to Federal Rule of Civil Procedure 23(b)(2), of a nationwide injunctive relief class of Toyota vehicle owners entitled to the relief sought in the preliminary injunction motion.[2]

## STATEMENT OF FACTS

Plaintiffs commenced this action against Toyota to redress the defective and unsafe condition prevailing in Plaintiffs' Toyota vehicles which renders the vehicles susceptible to highly dangerous sudden unintended acceleration occurrences and accidents. On January 19, 2010, Plaintiffs filed their First Amended Complaint ("FAC") in this matter. (Declaration of Richard D. McCune in Support of Motion for Injunctive Class Certification ("McCune Inj. Class Cert. Decl."), Ex. 1.) Plaintiffs allege that Defendant Toyota Motor Corporation is the world's largest manufacturer of automobiles and that Defendant Toyota Motor Sales, U.S.A., Inc., is a wholly-owned subsidiary of Toyota Motor Corporation. (FAC, McCune Inj. Class Cert. Decl., Ex. 1, at ¶¶ 15-16.) The Toyota Defendants conduct substantial business in all counties within the State of California as well as in other states in the United States. (*Id.* at ¶¶ 12, 17.)

Toyota designed, manufactured, distributed, and sold certain Toyota automobiles equipped with ETCS-i, a throttle control system whereby the engine's throttle is controlled by electronic signals received from a sensor which detects the gas pedal

---

[2] Plaintiffs' Complaint in this matter was filed on November 5, 2009. (*See* McCune Inj. Class Cert. Decl., ¶ 2.) Service of process on Toyota was effected on or about November 13, 2009. (*Id.*) Plaintiffs' First Amended Complaint was filed on January 19, 2010, and Defendants' response thereto is due on February 8, 2010. (McCune Inj. Class Cert. Decl., ¶ 3.) This motion for injunctive class certification is filed within 90 days of service of the original Complaint. Plaintiffs respectfully request relief from L.R. 23-3 to the extent that rule requires them to move for broader class certification encompassing Plaintiffs' non-equitable claims within 90 days of service of the Complaint in this action.

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

position. (*Id.* at ¶ 20.) Beginning in or about 2001, Toyota designed, manufactured, distributed, and sold these vehicles without providing any redundant mechanical linkage between the vehicles' gas pedal and the engine throttle control. (*Id.* at ¶¶ 19-22.) Plaintiffs are the owners of Toyota vehicles with the ETCS-i throttle control system, lacking any mechanical backup. (*Id.* at ¶ 28.) Plaintiffs allege that this renders the vehicles defective and unsafe and that the vehicles further are defective and unsafe in that Toyota did not incorporate a fail-safe measure to prevent sudden unintended acceleration incidences. (*Id.* at ¶¶ 23-27. )

Sudden unintended acceleration is a phenomenon where a vehicle accelerates on its own and in a manner inconsistent with driver input, which can result in dangerous conditions including excessive speeds, loss of vehicle control, accidents, and injuries. (*See id.* at ¶¶ 24, 28-39, 43-55.) Many drivers report that these occurrences are accompanied by difficulty bringing the vehicle back under control and/or lack of vehicle response to braking. (*See generally id.*)

Plaintiffs allege that Toyota had knowledge that the vehicles were susceptible to sudden unintended acceleration and that this posed a significant risk of injury and death to the vehicle owners, occupants, and others. (*Id.* at ¶ 60.) Plaintiffs further allege that Toyota has received thousands of complaints of sudden unintended acceleration relating to the vehicles, along with hundreds of injuries and multiple deaths. (*Id.* at ¶ 43; *see also id.* at ¶¶ 44-55.) Moreover, Toyota alone had access to the aggregate data concerning this defect. (*Id.* at ¶ 62.) All but one of the Named Plaintiffs has experienced sudden unintended acceleration in his or her Toyota vehicle. (*Id.* at ¶¶ 30, 32, 33, 36, and 38.) Each of the Named Plaintiffs is afraid to drive his or her Toyota vehicle because of the risk of sudden unintended acceleration. (*Id.* at ¶¶ 30, 32, 35, 37, and 39.)

In light of the potential for a SUA occurrence to result in a serious and deadly accident, Toyota has chosen to install a brake over-ride system on all new vehicles and on a select number of late model vehicles as part of the ongoing SUA recalls. (Toyota Press Release, 11/25/09, Ex. 2 to McCune Inj. Class Cert. Decl.) The brake over-ride system is

-3-

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

a computer algorithm that defaults the throttle to idle when it receives instructions that the brakes are being applied while the throttle is in an open position. Inexplicably, however, Toyota has elected not to extend this vital failsafe device to the Named Plaintiffs and the putative injunctive relief class members.

Despite its awareness of the defect in the vehicles and despite the availability of a failsafe device that would prevent SUAs from resulting in deadly accidents, Toyota routinely concealed or denied the existence of a problem to its customers, the public, and the National Highway Traffic Safety Administration ("NHTSA"). (FAC. Ex. 1 to McCune Inj. Class Cert. Decl., at ¶ 57.) Only after several high profile incidents, when Toyota no longer could outright deny the issue, did it begin to acknowledge any sort of problem. In acknowledging the problem, however, Toyota chose to engage in a series of misleading and false announcements and statements about the cause of the problem, first blaming vehicle floor mats, then a problem with the vehicle brake pedal. (*Id.* at ¶¶ 58-59.) Ultimately, Toyota announced a recall said to address defective accelerator pedals. (Toyota Press Release, 1/21/10, Ex. 3 to McCune Inj. Class Cert. Decl.) During this period, and at all times relevant, Toyota had knowledge that a significant number of vehicles equipped with ETCS-i were involved in incidents of sudden unintended acceleration which were not explainable by either faulty floor mats or by defective brake or accelerator pedals.

With this knowledge and after issuing these recalls, Toyota announced that the recalls had resulted in a "comprehensive fix." (Toyota Press Release, 2/1/2010, Ex. 4 to McCune Inj. Class Cert. Decl.) and said it "is confident this repair and another one involving floor mats will end the speed-control problem. ("Toyota Declares Problem Fixed, Wall Street Journal Article, 1/30/2010, Ex. 5 to McCune Inj. Class Cert. Decl.) Moreover, Toyota has since stated in an open letter to its customers, published in full-page ads in newspapers in 20 major media markets throughout the United States, on February 6, 2010, that if its customers "are not experiencing any issues with [their] accelerator pedal , [Toyota] is confident that [the] vehicle is safe to drive." (McCune Inj.

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

Class Cert. Decl., Ex. .)  However, review of the reported sudden unintended acceleration events in these vehicles indicates otherwise.  As set forth in the motion for preliminary injunction, less than 50% of the sudden unintended acceleration events reported in the ETCS-i model and model years occurred in models which are subject to any of Toyota's ongoing recalls whatsoever, and only 25% were included in Toyota's ongoing brake over-ride recall.

In light of this factual background, Plaintiffs will be able to establish at trial that putative class members and class representatives are in the same position relating to expectation, reliance and harm.  Plaintiffs will also be able to show that the actions of misrepresentation and concealment by Toyota were the same toward putative class members as the class representatives.  Most importantly, both the danger and the relief being sought through injunctive relief is the same between the putative class members and the class representatives.  As such, this is appropriate for and requires certification of an injunctive class.

### PROPOSED CLASSES

Rule 23 requires that a class be defined, but the class need not be so clear that every potential member may be identified at the time of class certification.  *Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986).  Rather, "a class will be found to exist if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.  *O'Conner v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998).

Less precision is required of class definitions under Rule 23(b)(2) for injunctive relief than under Rule 23(b)(3) for money damages, where mandatory notice is required by due process.  *Multi-Ethnic Immigrant Workers Organizing Network v. City of Los Angeles*, 246 F.R.D. 621, 630 (C.D. Cal. 2007) (*citing Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965 (1985)).  Manageability is not as important a concern for injunctive classes as for damages classes.  *Id.* (*citing Elliot v. Weinberger*, 564 F.2d 1219, 1229 (9th Cir. 1977)).

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

Plaintiffs seek to certify the "Nationwide Injunctive Class – Recall Extension," which is defined as follows:

All persons who reside in the United States and presently own or lease the following Toyota and/or Lexus vehicles:

| Model | Model Years |
|---|---|
| Toyota Camry | 2002 - 2006 |
| Lexus ES | 2002 - 2010 |
| Toyota Tacoma | 2003 - 2010 |
| Toyota Prius | 2001 - 2010 |
| Toyota Sienna | 2004 - 2010 |
| Toyota Rav4 | 2004 - 2008 |
| Toyota Tundra | 2001 - 2006 |
| Toyota Highlander | 2004 - 2010 |
| Toyota Solara | 2003 - 2008 |
| Toyota Corolla | 2005 - 2008 |
| Toyota 4-Runner | 2001 - 2010 |
| Lexus IS250 | 2006 - 2010 |
| Lexus RX | 2004 - 2010 |
| Toyota Sequoia | 2001 - 2007 |
| Lexus GS 3 Series | 2001 - 2010 |
| Lexus IS300 & 350 | 2002 - 2010 |

Plaintiffs seek to certify the "Nationwide Injunctive Class – Brake Over-Ride," which is defined as follows:

All persons who reside in the United States and presently own or lease the following Toyota and/or Lexus vehicles:

//

//

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

| Model | Model Years |
|---|---|
| Camry | 2002 - 2006 |
| Lexus ES | 2002 - 2006 |
| Tacoma | 2003 - 2010 |
| Prius | 2001 - 2010 |
| Sienna | 2004 - 2010 |
| Rav4 | 2004 - 2010 |
| Tundra | 2001 - 2010 |
| Highlander | 2004 - 2010 |
| Solara | 2003 - 2008 |
| Corolla | 2005 - 2010 |
| 4-Runner | 2001 - 2010 |
| Lexus RX | 2004 - 2010 |
| Sequoia | 2001 - 2010 |
| Lexus GS 3 Series | 2001 - 2006 |
| Lexus IS300 & 350 | 2002 - 2005 |

The two proposed classes above are referred to, collectively, as the "Nationwide Injunctive Classes."

In the event the Court does not certify Nationwide Injunctive Classes, *but see* Part I-B, *infra*, Plaintiffs S. Choi, U. Choi, and Tucker seek to certify California Injunctive Classes which otherwise correspond with the above definitions. To the extent the Court determines the class definitions are over-inclusive, any such deficiency can be cured by designating sub-classes. Fed. R. Civ. Pro., Rule 23(c)(5).

## ARGUMENT

## I. THE PROPOSED CLASSES SATISFY RULE 23(a)

In considering a motion for class certification, the Court does not reach the merits but, instead, determines whether class certification is appropriate based on the pleadings in light of the procedural requirements of Rule 23. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *see also Friedman v. 24 Hour Fitness USA, Inc.*, 2009 WL

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

2711956, *3 (C.D. Cal. Aug. 25, 2009) ("In reviewing a motion for class certification, the Court generally is bound to take the substantive allegations of the complaint as true." (Citations omitted.)).  Specifically, a lawsuit must be certified as a class action if the proposed class meets all of the requirements of Rule 23(a) and fits within one of the subcategories of Rule 23(b).  *Senter v. General Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976); *Taylor v. Safeway Stores, Inc.*, 524 F.2d 263, 270 (10th Cir. 1975).

All class actions in federal court must meet the four prerequisites of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  These four elements, discussed below *seriatim*, are met here.

### A.    Numerosity

First, the class must be so numerous that joinder of all members individually is "impracticable."  Fed. R. Civ. P. 23(a)(1).  The numerosity requirement of Rule 23(a)(1) is met when plaintiffs demonstrate the "impracticability" of joinder; the rule does not require "impossibility."  *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964).  Courts vary as to what constitutes "impracticability," though joinder generally is impracticable where there are more than 35 parties.  *In re THQ Inc. Securities Litigation*, 2002 WL 1832145, *3 (C.D. Cal., Mar. 22, 2002) (citation omitted).

Although the exact numbers of class members in the National Injunctive Classes are unknown at this time, it is believed that each these classes will number in the millions.  As a baseline, Toyota's ongoing recalls affect more than 7.5 million vehicles.  (McCune Inj. Class Cert. Decl., ¶ 9; Toyota Press Release, 1/21/2010, Ex. 3 to McCune Inj. Class Cert. Decl.; Toyota Press Release, 1/27/2010, Ex. 7 to McCune Inj. Class Cert. Decl.)[3]  However, 57 percent of the incidents of SUA of Toyota vehicles reported to the National Highway Traffic Safety Administration ("NHTSA") occurred in Toyota vehicle models for model years not included within the existing recalls.  Even worse, 75 percent

---

[3] These figures relate to nationwide data.  Certification of nationwide injunctive classes is appropriate for the reasons set forth in Section I-B, *infra*.

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

of the incidents of SUA of Toyota vehicles reported to NHTSA occurred in Toyota vehicle models for model years that Toyota has not included for installation of the brake over-ride failsafe  (Listing of SUA Events in Recall and Non-Recall Models and Model Years, Ex. 8 to McCune Inj. Class Cert. Decl.; Listing of SUA Events in Recall and Non-Brake Over-ride Model and Model Years, Ex. 9 to McCune Inj. Class Cert. Decl.)  It is thus reasonable to infer that extension of the existing recalls to the 16 models for the specified model years will affect millions of additional vehicles and class members.  The precise number of National Injunctive Class members can be ascertained through appropriate discovery, including through business records maintained by Toyota or government records relating to registration of vehicles.  Because there are millions of class members in the proposed classes, the numerosity requirement is easily met.

**B.    Commonality**

The "commonality" requirement of Rule 23(a) means only that there must be some question of law or fact common to the class.  Complete commonality of questions of law and fact is not required.  *In re THQ Securities Litigation*, 2002 WL 1832145, *3 (C.D. Cal. Mar. 22, 2002) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).  "The commonality test is qualitative rather than quantitative, that is there need be only a single issue common to all members of the class."  *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1090 (6th Cir.1996).  Sufficient commonality is shown where the allegations are that the party opposing the class engaged in some course of conduct that affects a group of persons and gives rise to a cause of action.  *Id.*

"The fact that there are some factual variations among the class grievances will not defeat a class action . . . .  A common nucleus of operative facts is usually enough to satisfy the commonality requirement of Rule 23(a)(2)."  *Rosario v. Livatidis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992); *see also Hanlon*, 150 F.3d at 1019 (the "common question" requirement can be satisfied either by a shared legal issue with divergent factual predicates or by a common core of salient facts with disparate legal remedies). Plaintiffs' allegations more than meet this standard in that this application for injunctive

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

class certification is based on essentially complete commonality of factual and legal issues. The factual and legal issues to be considered for purposes of this motion are those which underpin Plaintiffs' fraud and concealment UCL action.

Factual issues relevant to a claim of fraudulent nondisclosure, concealment, or misrepresentation under the UCL in a motor vehicle defect case include whether the defect creates a safety hazard, whether the defendant failed to disclose the defect, and whether the defendant received numerous complaints and failed to appropriately address those complaints. *See Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088 (N.D. Cal. 2007).

The relevant legal issues include: (1) whether the defendant had a duty to disclose the fact because it had exclusive knowledge of material facts not known to the plaintiff; actively concealed a material fact from the plaintiff; or made partial representations but also suppressed some material fact; (2) whether the undisclosed fact is material based on the "reasonable consumer" test; and (3) whether "members of the public are likely to be deceived" by the defendant's violation of its duty to disclose the fact. *See id.*

All of the factual and legal issues involving Toyota's conduct in concealing and misrepresenting the SUA problem are common to all class members and may be determined on a class-wide basis. These issues of fact and law include, but are not limited to:

a. Whether Toyota knew during the time that it sold class members vehicles that such vehicles were susceptible to SUA;

b. Whether Toyota concealed from the public and its customers reports of SUA in class members' vehicles;

c. Whether Toyota misrepresented to the public and customers that the recalls fixed the SUA problem in class members' vehicles;

d. Whether Toyota had knowledge of the SUA problem that was unavailable to the public and its customers;

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

e. Whether Toyota misled the public, its customers, and NHTSA regarding SUA in class members vehicles;

f. Whether a "reasonable consumer" would expect the subject vehicles to experience SUA;

g. Whether a "reasonable consumer" would expect Toyota to conceal that the subject vehicles experience SUA;

h. Whether a "reasonable consumer" would expect Toyota to misrepresent that it had fixed the SUA problem;

i. Whether "members of the public would likely be deceived" by Toyota's misrepresentations, concealment and failure to disclose the SUA problem;

j. Whether Toyota engaged in conduct which constituted an "unlawful, unfair or fraudulent business act or practice" under the UCL, by misrepresenting, concealing, or failing to disclose the SUA problem to the class members;

k. Whether Toyota's recent public announcements to its customers regarding having fixed the SUA problem through its existing recalls – despite the fact that these recalls do not cover Toyota vehicle models and model years where more than half of the reported SUA events occurred – constitute a continuing scheme of fraudulent nondisclosure/concealment in violation of the UCL, creating a continuing safety risk to class members, consumers, and the public, thereby warranting class wide injunctive relief.

As Toyota's public misrepresentations and concealment of SUA complaints and of the extent of the SUA crisis was undertaken uniformly nationwide, the principal factual and legal issues presented by Plaintiffs' request for injunctive relief – and, by extension, their request for injunctive class certification – are common to the claims of all class members.

Furthermore, owners of the subject vehicles throughout the country are included as class members because certification of nationwide classes is warranted. Application of California's UCL to the injunctive relief request of Nationwide Injunctive Classes is

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

appropriate here because defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") is, and, at all relevant times, was a California corporation with its principal place of business in Los Angeles County, California. Further, policies relating to Toyota sales, maintenance, and recalls in the United States emanate from TMS headquarters in California, which also serves as the principal point of contact for customers complaining about the unintended acceleration problem. Accordingly, Plaintiffs' claims are based on conduct that occurred in California and are governed by the UCL regardless of where any particular plaintiff affected by that conduct happens to reside. *See Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 80 Cal. Rptr. 2d 828 (1999); *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 85 Cal. Rptr. 2d 18 (1999).

## C. Typicality

The requirement of "typicality" under Rule 23(a) overlaps and merges with the "commonality" requirement. *General Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "[T]he test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *In re THQ Inc. Securities Litigation*, 2002 WL 1832145 at *3 (*citing Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Typicality exists where the plaintiff's claims and those of other class members arise from the same event or course of conduct. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992). "Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members. *Grasty v. Amalgamated Clothing & Textile Workers Union*, 828 F.2d 123, 130 (3d Cir. 1987).

The claims of the purported class representative need not be identical to the claims of other class members, but the class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *General Tel. Co*, 457 U.S. at 156; *CRLA v. Legal Services Co.*, 917 F.2d 1171, 1175 (9th Cir. 1990). It is not necessary that all class members suffer the same injury as the class representatives.

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

*Rosario*, 963 F.2d at 1018. A plaintiff's claim may be "typical" although other members of the class suffered less or more injury. *Id.* Likewise, a plaintiff's claim may be "typical" although the class members' injuries were suffered at different times. *Alfus v. Pyramid Technology Corp.*, 764 F. Supp. 598, 606 (N.D. Cal. 1991) (holding there is "typicality" where defendant's fraudulent representations to plaintiff are similar to those made later to other purchasers).

Here, the claims of the named Plaintiffs not only are typical of those of the putative Class members, they are virtually indistinguishable. There can be no dispute that the Individual Plaintiffs' claims of misrepresentation, concealment and fraud-based UCL violations by Toyota are the same practices which they seek to assert on behalf of the Nationwide Injunctive Classes. Similarly, as injunctive relief is sought on behalf of the Nationwide Injunctive Classes on the same legal grounds, Individual Plaintiffs' legal theories are, necessarily, typical of the legal theories asserted on behalf of the class.

Specifically, each named Plaintiff owns a subject vehicle which contains the defect of being susceptible to SUA events and does not have installed the failsafe brake over-ride system, rendering the vehicle unsafe in the same manner; was not told about this defect by Toyota; and has been damaged by Toyota refusing to fix the unsafe vehicle. These facts are typical of and identical to the circumstances that are the basis of the claims of all Class members.

Furthermore, each named Plaintiff has standing to seek certification of injunctive classes. To seek injunctive relief on behalf of the class, Plaintiffs must have suffered harm constituting actual injury. *Multi-Ethnic Immigrant Workers Organizing Network v. City of Los Angeles*, 246 F.R.D. 621, 626 (C.D. Cal. 2007) (*citing Armstrong v. Davis*, 275 F.3d 849, 860-61 (9th Cir. 2001)); *see also* Cal. Bus. & Prof. Code § 17204 (injunctive relief standing requirement under UCL is met by one "who has suffered injury in fact and has lost money or property as a result of the unfair competition. . . ."). Class representative plaintiffs must also demonstrate realistic threat of repeated injury. *See Multi-Ethnic Immigrant Workers*, 246 F.R.D. at 626-29 (holding that repetition of injury

-13-

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

requirement can be met where plaintiffs show a "pattern" of conduct or harm).  Named Plaintiffs here meet these requirements in that all but one has experienced SUA personally in his or her Toyota vehicle, and each owns a vehicle model not subject to Toyota's existing recalls.  Beyond satisfying merely a 'threat of repeated injury,' absent extension of Toyota's existing recalls, Named Plaintiffs here are experiencing *ongoing* and *continuing* injury.  Accordingly, Plaintiffs more than meet the standing requirement, where they "need not establish that future harm is certain, or even probable.  What they must establish is that recurrence is not 'conjectural' or 'hypothetical,' as it would be if future injury were contingent on multiple unlikely assumptions."  *Id.* at 628 (citation omitted).  Moreover, each Named Plaintiff has submitted a declaration indicating a fear of driving the vehicle in question.  (*See* Declarations of Named Plaintiffs, Exs. 10-14 to McCune Inj. Class Cert. Decl.)  In these circumstances, each has sustained actual injury, each continues to sustain actual injury, and each is realistically at risk of future injury.  As the members of the Nationwide Injunctive Classes were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by the Defendants in concealing, denying, and handling the SUA problem, Rule 23(a)'s typicality requirement is met.

### D. Adequacy of Representation

Finally, under Rule 23(a)(4), the person or persons representing the class must be able fairly and adequately to protect the interests of all members of the class.  The adequacy of representation requirement also tends to merge with the commonality and typicality requirements of Rule 23(a).  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 n. 20 (1997).  The Ninth Circuit looks to two criteria for satisfaction of the "adequacy of representation" element:  (1) that the attorney representing the class is qualified and competent; and (2) that the class representatives are not disqualified by interests antagonistic to the remainder of the class.  *Lerwill v. Inflight Motion Pictures, Inc.,* 82 F.2d 507, 512 (9th Cir. 1978).

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

First, the Individual Plaintiffs have hired counsel who are qualified and competent. Richard McCune of McCuneWright, LLP has extensive experience in representing both class and individual plaintiffs in complex litigation. Both State and Federal Courts have certified class actions with him serving as class counsel. (McCune Inj. Class Cert. Decl., ¶¶ 18-21.) Moreover, McCuneWright has associated experienced co-counsel from the law firms Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, of New York, New York, and Simmons Browder Gianaris Angelides & Barnerd LLC, of East Alton, Illinois, to assist in prosecution of this action. These attorneys and their firms also possess broad experience in litigating complex matters throughout the country and have committed to representing both the Class Representatives and the class upon class certification. (McCune Inj. Class Cert. Decl., ¶¶ 22-23.)

Second, the class representatives are adequate to represent the proposed classes in that their interests are the same as other class members and there are no material conflicts between the claims of the representative Plaintiffs and the members of the National Injunctive Classes that would make class certification inappropriate. (*See* Declarations of Named Plaintiffs, Exs. 10-14.) Consequently, Plaintiffs and their counsel will vigorously assert the claims of all members of the Classes and Rule 23(a) is satisfied.

## II. THE PROPOSED CLASSES MEET THE CONDITIONS OF RULE 23(b)

A suit that meets the prerequisites of Rule 23(a) may be maintained as a class action if it further satisfies any one of the conditions set forth in Rule 23(b). This action meets the requirements of Rule 23(b)(2), which sets forth the standard for injunctive class relief.

Under Rule 23(b)(2), a class action otherwise maintainable under Rule 23(a) is appropriate if the party opposing the class "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." This Court has previously certified injunctive classes. *See*, *e.g.*, *Multi-Ethnic Immigrant Workers Organizing Network v. City of Los Angeles*, 246 F.R.D. 621 (C.D. Cal. Dec. 14, 2007). This Court also has

-15-

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

previously certified nationwide injunctive classes.  *See*, *e.g.*, *In re Conseco Life Ins. Co. Cost of Ins. Litigation*, 2005 WL 5678842 (C.D. Cal. Apr. 26, 2005).  Furthermore, courts across the country have granted certification of injunctive classes under Rule 23(b)(2) which seek injunctions for implementation of safety measures to prevent future physical harm.  *See e.g., Olden v. LaFarge Corp.*, 383 F.3d 495 (6th Cir. 2004) (class seeking injunction requiring a cement production defendant to eliminate toxic emissions from its plants and fund a medical monitoring program based on threat of physical harm); *Henry v. St. Croix Alumina, LLC*, 2008 WL 2329223 (V.I. 2008) (class seeking safety measures to protect residents).   Here, Toyota has both acted and refused to act on grounds which apply to the Nationwide Injunctive Classes as a whole, which continue to threaten the lives of Class members, consumers, and the public.

As for its affirmative acts, as alleged, Toyota designed, manufactured, distributed, and sold vehicles to plaintiffs which were and are susceptible to SUA events.  Further Toyota has and continues to refuse to install a failsafe brake over-ride system on these vehicles to prevent an SUA from becoming a serious or deadly accident.  As alleged, Toyota continued this practice even despite its knowledge of the defect and the dangerous condition presented.  Toyota treated its customers in the Classes identically in this respect.  Further, Toyota's actions in concealing the SUA problem and misleading the public about the problem – first, by denying its existence or blaming SUA on drivers, then by blaming floor mats, then later blaming pedal assemblies, before finally stating the recalls fix the problem – applies to the entirety of the plaintiff Classes.

Toyota's refusals to act also have been uniform and market-wide.  Toyota's failure to disclose the danger of SUA in its vehicles to prospective purchasers was a uniform strategy which has resulted in harm to class members.  In addition, Toyota has instituted recalls that purportedly represent a "comprehensive" fix of the problem, but those recalls omit some 57 percent of the vehicle types that have generated SUA complaints.  Toyota has thus refused to act to protect wide swaths of class members driving its vehicles.

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.:  CV 09-08143 AHM (FMOx)

Certification is proper under Rule 23(b)(2) where final injunctive relief is sought. While the Rule says nothing about limiting the availability of money damages in an action certified under Rule 23(b)(2), the 1966 Advisory Committee Notes state that this "subdivision does not extend to cases in which appropriate final relief relates *exclusively or predominantly* to money damages" (emphasis added).

This is not a case involving an exclusive or predominant claim for money damages. The courts routinely approve certification of classes under Rule 23(b)(2), even though the class seeks money damages, where, as here, the monetary relief sought is incidental to the injunctive relief sought. *In re Conseco*, 2005 WL 5678842 at *8. *Accord*, *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1175 (8th Cir. 1995); *Smith v. United HealthCare Services, Inc.*, CIV 00-1163 ADM/AJB, 2002 WL 192565 (D. Minn. 2002); *In re Union Pacific R.R. Employment Practices Litigation*, 2005 WL 1027078 (D. Neb. 2005). As explained in *Bradford v. AGCO Corp.*, 187 F.R.D. 600 (W.D. Mo. 1999), "[m]onetary damages are almost always requested when injunctive relief is sought. Refusing to certify a Rule 23(b)(2) class action based on a request for monetary relief defeats the possibility of ever maintaining an injunctive class action. Such a nonsensical reading of the federal rules does not make good law and is flatly rejected by this Court." *Id.* at 605.

While Plaintiffs have asserted claims for money damages in this matter, these claims are overshadowed by the expedition with which Plaintiffs have pursued their injunctive remedies, as well as the vital public interest in preventing the irreparable harm that will inevitably occur absent injunctive relief. When there is dispute as to which form of relief is predominant in a case, "the court should conclude that when the Rule 23(a) prerequisites are satisfied and declaratory or injunctive relief is sought as an integral part of the relief for the class, then Rule 23(b)(2) is applicable regardless of the presence or dominance of additional prayers for damages relief for class members." *In re Conseco*, 2005 WL 5678842 at *8 (*citing Newberg on Class Actions*, § 4.14, p. 5-50-51).

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)

1      As Plaintiffs satisfy all four elements of Rule 23(a), as well as the requirements of

2 Rule 23(b)(2), this matter is appropriate for certification of the Nationwide Injunctive

3 Classes for assertion of Plaintiffs' UCL injunctive claims.

4 **CONCLUSION**

5      For the foregoing reasons, the Court should grant the motion for class certification

6 and further (1) certify that this action is maintainable as a class action under Rule 23 of

7 the Federal Rules of Civil Procedure; (2) certify both the "Nationwide Injunctive Class –

8 Recall Extension" and the "Nationwide Injunctive Class – Brake Over-Ride," as defined

9 herein; and (3) certify individual Plaintiffs as representatives of the Nationwide

10 Injunctive Classes and their counsel of record as counsel for the Nationwide Injunctive

11 Classes.

12 Dated: February 8, 2010.           **McCuneWright, LLP**

13

14             By:    /s/ *Richard D. McCune*

15                   Richard D. McCune

16                   Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Notice of Motion and Motion for Injunctive Class Certification and
Memorandum of P&A in Support of Motion for Injunctive Class Certification
Case No.: CV 09-08143 AHM (FMOx)